**UNITED STATES DISTRICT COURT**
**DISTRICT OF ARIZONA**

| | |
|---|---|
| Thomas Bon Stout,<br>Petitioner<br>-vs-<br>County of Maricopa, et al.,<br>Respondents. | CV-17-4046-PHX-GMS (JFM)<br><br>**Report & Recommendation**<br>**on Petition for Writ of Habeas Corpus** |

## I.  MATTER UNDER CONSIDERATION

Petitioner (presently released but incarcerated at the time in the Lower Buckeye Jail in Phoenix, Arizona) filed an Amended Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 on November 27, 2017 (Doc. 6).  On March 6, 2018 Respondents filed their Answer (Doc. 12).  Petitioner filed a Reply ("Motion to Vacate Judgment") on March 23, 2018 (Doc. 14).

The Petitioner's Petition is now ripe for consideration.  Accordingly, the undersigned makes the following proposed findings of fact, report, and recommendation pursuant to Rule 8(b), Rules Governing Section 2254 Cases, Rule 72(b), Federal Rules of Civil Procedure, 28 U.S.C. § 636(b) and Rule 72.2(a)(2), Local Rules of Civil Procedure.

## II.  RELEVANT FACTUAL & PROCEDURAL BACKGROUND
### A.  FACTUAL BACKGROUND AND PROCEEDINGS AT TRIAL

On August 26, 2016, Petitioner was indicted in Maricopa County Superior Court case number CR2016-5284 on one count of failure to register as a sex offender, based on conduct on April 26, 2016 (failure to carry valid ID).  (Exhibit A, Indictment 5284.) (Exhibits to the Answer, Doc. #, are referenced herein as "Exhibit ___.")   On October

1

13, 2016, Petitioner was indicted in Maricopa County Superior Court case number CR2016-5624 on one count of failure to register as a sex offender, based on conduct on July 1, 2016 (failure to register).  (Exhibit B, Indictment 5624.)

On February 22, 2017, Petitioner entered into interconnected plea agreements in both cases.  He executed a written Plea Agreement (Exhibit B) in the ID case (CR2016-5284), agreeing to plead guilty as charged to the Class 6 Felony, in exchange for an agreement to a sentence of two years supervised probation and 12 months flat time in jail, and dismissal of allegations of priors and probation.  On the same date, he executed a written Plea Agreement (Exhibit G) in the registration case (CR2016-5624), agreeing to plead guilty as charged to the Class 4 Felony, with an agreement for a sentence of lifetime supervised probation, and dismissal of allegations of priors and probation. Petitioner entered his guilty pleas on the same date in both cases.  (Exhibit C, M.E. 2/22/17 5284; Exhibit H, M.E. 2/22/17 5624; Exhibit O, R.T. 2/22/17.)

On March 29, 2017, a "Probation Violation Report" was filed, recommending 3 years probation on the ID case, with a condition of 12 months in jail, and lifetime supervised probation on the registration case.  (It also recommended a continuation of probation in the underlying case for an additional 18 months.)

On March 29, 2017, Petitioner was sentenced in both cases.  In the ID case, sentencing was suspended and he was placed on 3 years probation, with a condition of 12 months in jail.  (Exhibit E, Sentence 3/29/17 5284.)  In the registration case, sentence was also suspended, and Petitioner was placed on a concurrent term of lifetime probation.  (Exhibit K, Sentenced 3/29/17 5624.)

**B.  PROCEEDINGS ON DIRECT APPEAL**

Petitioner did not file a direct appeal.  (*See* Amended Petition, Doc. 6 at 2 (referencing PCR proceeding as direct appeal.)  Moreover, as a pleading defendant, Petitioner had no right to file a direct appeal.  *See* Ariz.R.Crim.P. 17.1(e); and *Montgomery v. Sheldon*, 181 Ariz. 256, 258, 889 P.2d 614, 616 (1995).

## C.  PROCEEDINGS ON POST-CONVICTION RELIEF

On September 27, 2017, Petitioner filed in the Registration case (CR2016-5624) a *pro se* Petition for Post-Conviction Relief (Exhibit L), and a third Notice of Post-Conviction Relief (Exhibit M).

On October 9, 2017, the Court summarily dismissed the proceeding.  The Court concluded that Petitioner's petition was untimely, and that such untimeliness was not without fault, and thus (except for those claims under Rule 32.l(d), (e), (f), (g), or (h) exempted from the timeliness requirements) subject to dismissal as untimely.  The court also found the challenge based on a lack of jurisdiction (Rule 32.1(b)) was without merit, and that the timely claims of newly discovered and material facts (Rule 32.1(e)) and innocence (Rule 32.1(h)) were not supported and without merit. The court also denied the request for appointment of counsel and the record.  (Exhibit N, Order 10/9/17.)

Petitioner did not seek further review.  (Amended Pet., Doc. 6 at 5.)

## D.  PRESENT FEDERAL HABEAS PROCEEDINGS

**Petition** - Petitioner commenced the current case by filing his original Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 on November 2, 2017 (Doc. 1), naming Maricopa County as the respondent.  That Petition was dismissed with leave to amend based on failure to name a proper respondent.  (Order 11/13/17, Doc. 5.)  On November 27, 2017, Petitioner filed his Amended Petition (Doc. 6). Petitioner challenges his conviction and sentence in the Registration case (CR2016-5624). Petitioner's Amended Petition asserts the following three grounds for relief:

> In Ground One, Petitioner states that he was convicted in Oklahoma in 1998 and his "registration is up August 11, 2017." He claims he was no longer required to register as a sex offender as of August 11, 2017, and that he "was homeless at the time these charges came about, [and he] didn't have time to obtain a place to stay and to obtain an identification." He also states that his attorney failed to file a timely notice of appeal after being instructed to do so.
> In Ground Two, Petitioner asserts that he **received ineffective assistance of counsel**. He claims that he tried to fire his attorney, but the trial court said that if he did, he would have to proceed in propria persona. Petitioner contends that he was "forced to keep" the attorney because Petitioner is untrained in the law. He

3

also alleges that he requested that his attorney file a petition for post-conviction relief, but his attorney failed to do so. Petitioner contends that his pro se petition for post-conviction relief was untimely.

In Ground Three, Petitioner claims that he has been subjected to **double jeopardy** because he was convicted in Oklahoma in 1998; he was only required to register as a sex offender until August 11, 2017; and "Maricopa County is now saying [he has] to register here when [his] registration is up as of August 11, 2017."

(Order 12/7/17, Doc. 7 at 2 (emphasis added).)   On screening, the Court dismissed Ground One as duplicative and for failure to allege a violation of the U.S. Constitution or laws or treaties of the United States.  (*Id.* at 2-3.)   The Court noted an apparent lack of exhaustion of state remedies, but in light of the potential of a procedural default, declined to dismiss the remainder of the Amended Petition on that basis.

**Response** - On March 6, 2018 Respondents filed their Limited Answer (Doc. 12), arguing that Petitioner failed to properly exhaust his state remedies by seeking review of the denial of his claims by the PCR court.  Respondents argue that Petitioner is now procedurally barred from seeking such review under Arizona Rule of Criminal Procedure 32.9(c), and from seeking relief in a new PCR proceeding under Arizona's timeliness (Rule 32.4(a)) and waiver bars (Rule 32.2(a)(2)).

**Reply** - On March 23, 2018 Petitioner filed a Reply ["Motion to Vacate Indictment"] (Doc. 14).  The undersigned liberally construes this *pro se* Reply. *See* See *Zichko v. Idaho*, 247 F.3d 1015 (9th Cir. 2001).  So construed, in addition to arguing the merits of his claims, Petitioner argues that his procedural default was caused by trial counsel's failure to file a timely PCR notice.  In support of this claim, he provides an Inmate Legal Request (Exhibit R-D) showing delivery to prison officials on June 23, 2017 of mail directed to trial counsel which he contends requested a PCR notice be filed.

### III.  APPLICATION OF LAW TO FACTS

#### A.  EXHAUSTION, PROCEDURAL DEFAULT AND PROCEDURAL BAR

Respondents argue that Petitioner's claims are procedurally defaulted, and thus are barred from federal habeas review.

**1. Exhaustion Requirement**

Generally, a federal court has authority to review a state prisoner's claims only if available state remedies have been exhausted. *Duckworth v. Serrano*, 454 U.S. 1, 3 (1981) (*per curiam*). The exhaustion doctrine, first developed in case law, has been codified at 28 U.S.C. § 2254(b) and (c). When seeking habeas relief, the burden is on the petitioner to show that he has properly exhausted each claim. *Cartwright v. Cupp*, 650 F.2d 1103, 1104 (9th Cir. 1981)(*per curiam*), *cert. denied*, 455 U.S. 1023 (1982).

**a. Exhaustion by Fair Presentation**

Ordinarily, to exhaust his state remedies, the petitioner must have fairly presented his federal claims to the state courts. "A petitioner fairly and fully presents a claim to the state court for purposes of satisfying the exhaustion requirement if he presents the claim: (1) to the proper forum, (2) through the proper vehicle, and (3) by providing the proper factual and legal basis for the claim." *Insyxiengmay v. Morgan*, 403 F.3d 657, 668 (9th Cir. 2005).

**Proper Forum** - "In cases not carrying a life sentence or the death penalty, 'claims of Arizona state prisoners are exhausted for purposes of federal habeas once the Arizona Court of Appeals has ruled on them.'" *Castillo v. McFadden*, 399 F.3d 993, 998 (9th Cir. 2005)(quoting *Swoopes v. Sublett*, 196 F.3d 1008, 1010 (9th Cir. 1999)).

**Proper Vehicle** - Ordinarily, "to exhaust one's state court remedies in Arizona, a petitioner must first raise the claim in a direct appeal or collaterally attack his conviction in a petition for post-conviction relief pursuant to Rule 32." *Roettgen v. Copeland*, 33 F.3d 36, 38 (9th Cir. 1994). Only one of these avenues of relief must be exhausted before bringing a habeas petition in federal court. This is true even where alternative avenues of reviewing constitutional issues are still available in state court. *Brown v. Easter*, 68 F.3d 1209, 1211 (9th Cir. 1995); *Turner v. Compoy*, 827 F.2d 526, 528 (9th Cir. 1987), *cert. denied*, 489 U.S. 1059 (1989).

**Factual Basis** – A petitioner must have fairly presented the operative facts of his

federal claim to the state courts as part of the same claim.  A petitioner may not broaden the scope of a constitutional claim in the federal courts by asserting additional operative facts that have not yet been fairly presented to the state courts.  Expanded claims not presented in the highest state court are not considered in a federal habeas petition. *Brown v. Easter*, 68 F.3d 1209 (9th Cir. 1995); *see also, Pappageorge v. Sumner*, 688 F.2d 1294 (9th Cir. 1982), cert. denied, 459 U.S. 1219 (1983).  And, while new factual allegations do not ordinarily render a claim unexhausted, a petitioner may not "fundamentally alter the legal claim already considered by the state courts." *Vasquez v. Hillery*, 474 U.S. 254, 260 (1986).

**Legal Basis** - Failure to alert the state court to the constitutional nature of the claim will amount to failure to exhaust state remedies.  *Duncan v. Henry*, 513 U.S. 364, 366 (1995).   While the petitioner need not recite "book and verse on the federal constitution," *Picard v. Connor,* 404 U.S. 270, 277-78 (1971) (quoting *Daugherty v. Gladden*, 257 F.2d 750, 758 (9th Cir. 1958)), it is not enough that all the facts necessary to support the federal claim were before the state courts or that a "somewhat similar state law claim was made." *Anderson v. Harless*, 459 U.S. 4, 6 (1982)(*per curiam*).  "[T]he petitioner must make the federal basis of the claim explicit either by specifying particular provisions of the federal Constitution or statutes, or by citing to federal case law," *Insyxiengmay v. Morgan*, 403 F.3d 657, 668 (9th Cir. 2005), or by "a citation to a state case analyzing [the] federal constitutional issue." *Peterson v. Lampert*, 319 F.3d 1153, 1158 (9th Cir. 2003).  But a drive-by-citation of a state case applying federal and state law is not sufficient.

> For a federal issue to be presented by the citation of a state decision dealing with both state and federal issues relevant to the claim, the citation must be accompanied by some clear indication that the case involves federal issues. Where, as here, the citation to the state case has no signal in the text of the brief that the petitioner raises federal claims or relies on state law cases that resolve federal issues, the federal claim is not fairly presented.

*Casey v. Moore*, 386 F.3d 896, 912 n. 13  (9th Cir. 2004).

**Proper Mode** - "[O]rdinarily a state prisoner does not 'fairly present' a claim to a

6

state court if that court must read beyond a petition or a brief (or a similar document) that does not alert it to the presence of a federal claim in order to find material, such as a lower court opinion in the case, that does so." *Baldwin v. Reese*, 541 U.S. 27, 32 (2004). The Arizona habeas petitioner "must have presented his federal, constitutional issue before the Arizona Court of Appeals within the four corners of his appellate briefing." *Castillo v. McFadden*, 399 F.3d 993, 1000 (9th Cir. 2005). *But see Insyxiengmay v. Morgan*, 403 F.3d 657, 668-669 (9th Cir. 2005) (arguments set out in appendix attached to petition and incorporated by reference were fairly presented).

### b.    Exhaustion by Actual Consideration

Although fair presentation is the normal mode of establishing exhaustion of state remedies, it is not the only method.  Rather, a petitioner's state remedies are exhausted where the state courts have reached and passed on the merits of a federal claim, regardless whether the petitioner had fairly presented the claim to the state court. "It is reasonable to infer an exception [to the fair presentation requirement] where the State has actually passed upon the claim." *Castille v. Peoples*, 489 U.S. 346, 351  (1989). *See Greene v. Lambert*, 288 F.3d 1081, 1086 (9th Cir. 2002) ("exhaustion does not require repeated assertions if a federal claim is actually considered at least once on the merits by the highest state court"); *Sandstrom v. Butterworth*, 738 F.2d 1200, 1206 (11th Cir.1984) ("[t]here is no better evidence of exhaustion than a state court's actual consideration of the relevant constitutional issue"); *and Walton v. Caspari*, 916 F.2d 1352, 1356-57 (8th Cir.1990) (state court's *sua sponte* consideration of an issue satisfies exhaustion).

On the other hand, actual consideration of the claim is not required.  "All exhaustion requires is that the state courts have the opportunity to remedy an error, not that they actually took advantage of the opportunity." *Scott v. Schriro*, 567 F.3d 573, 583 (9th Cir. 2009).

/ /

/ /

## 2.  Procedural Default

Ordinarily, unexhausted claims are dismissed without prejudice. *Johnson v. Lewis*, 929 F.2d 460, 463 (9th Cir. 1991).  However, where a petitioner has failed to properly exhaust his available administrative or judicial remedies, and those remedies are now no longer available because of some procedural bar, the petitioner has "procedurally defaulted" and is generally barred from seeking habeas relief.  Dismissal with prejudice of a procedurally defaulted habeas claim is generally proper absent a "miscarriage of justice" which would excuse the default. *Reed v. Ross*, 468 U.S. 1, 11 (1984).

Respondents argue that Petitioner may no longer present his unexhausted claims to the state courts.  Respondents rely upon Arizona's time bar on petitions for review set out in Arizona Rule of Criminal Procedure 32.9, preclusion bar, set out in Rule 32.2(a) and time limit bar, set out in Rule 32.4.  (Answer, Doc. 12 at 14.)

**Remedies by Direct Appeal** - Under Ariz.R.Crim.P. 31.3, the time for filing a direct appeal expires twenty days after entry of the judgment and sentence. Moreover, as a pleading defendant, Petitioner has no right to file a direct appeal. *See* Ariz.R.Crim.P. 17.1(e); and *Montgomery*, 181 Ariz. at 258, 889 P.2d at 616.  Accordingly, direct appeal is no longer available for review of Petitioner's unexhausted claims.

**Remedies by Petition for Review** – To the extent that Petitioner raised the current claims in his PCR petition, he cannot now seek review by the Arizona Court of Appeals.  Arizona Rule of Criminal Procedure 32.9(c) requires petitions for review to the Arizona Court of Appeals be filed within thirty days of the trial court's decision on the PCR petition.  The trial court's decision was issued October 9, 2017, and thus this deadline expired on November 8, 2017.

**Remedies by Post-Conviction Relief** – Under Arizona's preclusion, waiver and timeliness bars, Petitioner can no longer seek review by a subsequent PCR Petition.

Preclusion Bar – Under the rules applicable to Arizona's post-conviction process, a claim may not be brought in a petition for post-conviction relief if the claim was "[f]inally adjudicated on the merits on appeal or in any previous collateral proceeding."

8

Ariz. R. Crim. P. 32.2(a)(2). Thus, Petitioner counsel not again assert any of the claims he raised to the trial court in his first PCR proceeding.

Waiver Bar - Under the rules applicable to Arizona's post-conviction process, a claim may not ordinarily be brought in a petition for post-conviction relief that "has been waived at trial, on appeal, or in any previous collateral proceeding." Ariz.R.Crim.P. 32.2(a)(3). Under this rule, some claims may be deemed waived if the State simply shows "that the defendant did not raise the error at trial, on appeal, or in a previous collateral proceeding." *Stewart v. Smith*, 202 Ariz. 446, 449, 46 P.3d 1067, 1070 (2002) (quoting Ariz.R.Crim.P. 32.2, Comments). *But see State v. Diaz*, 236 Ariz. 361, 340 P.3d 1069 (2014) (failure of PCR counsel, without fault by petitioner, to file timely petition in prior PCR proceedings did not amount to waiver of claims of ineffective assistance of trial counsel).

For others of "sufficient constitutional magnitude," the State "must show that the defendant personally, "knowingly, voluntarily and intelligently' [did] not raise' the ground or denial of a right." *Id*. That requirement is limited to those constitutional rights "that can only be waived by a defendant personally." *State v. Swoopes*, 216 Ariz. 390, 399, 166 P.3d 945, 954 (App.Div. 2, 2007). Indeed, in coming to its prescription in *Stewart v. Smith*, the Arizona Supreme Court identified: (1) waiver of the right to counsel, (2) waiver of the right to a jury trial, and (3) waiver of the right to a twelve-person jury under the Arizona Constitution, as among those rights which require a personal waiver. 202 Ariz. at 450, 46 P.3d at 1071. Claims based upon ineffective assistance of counsel are determined by looking at "the nature of the right allegedly affected by counsel's ineffective performance. *Id*.

Here, none of Petitioner's claims are of the sort requiring a personal waiver, and Petitioner's claims of ineffective assistance similarly have at their core the kinds of claims not within the types identified as requiring a personal waiver.

Thus, to the extent Petitioner's current claims were not raised in his first PCR proceeding, they still could not be asserted in a new PCR proceeding.

Timeliness Bar - Even if not barred by preclusion, Petitioner would now be barred from raising his claims by Arizona's time bars. Ariz.R.Crim.P. 32.4 requires that petitions for post-conviction relief (other than those which are "of-right") be filed "within ninety days after the entry of judgment and sentence or within thirty days after the issuance of the order and mandate in the direct appeal, whichever is the later." *See State v. Pruett*, 185 Ariz. 128, 912 P.2d 1357 (App. 1995) (applying 32.4 to successive petition, and noting that first petition of pleading defendant deemed direct appeal for purposes of the rule). That time has long since passed.

Exceptions - Rules 32.2 and 32.4(a) do not bar dilatory claims if they fall within the category of claims specified in Ariz.R.Crim.P. 32.1(d) through (h). See Ariz. R. Crim. P. 32.2(b) (exceptions to preclusion bar); Ariz. R. Crim. P. 32.4(a) (exceptions to timeliness bar). Petitioner has not asserted that any of these exceptions are applicable to his claims. Nor does it appears that such exceptions would apply. The rule defines the excepted claims as follows:

> d. The person is being held in custody after the sentence imposed has expired;
> e. Newly discovered material facts probably exist and such facts probably would have changed the verdict or sentence. Newly discovered material facts exist if:
> (1) The newly discovered material facts were discovered after the trial.
> (2) The defendant exercised due diligence in securing the newly discovered material facts.
> (3) The newly discovered material facts are not merely cumulative or used solely for impeachment, unless the impeachment evidence substantially undermines testimony which was of critical significance at trial such that the evidence probably would have changed the verdict or sentence.
> f. The defendant's failure to file a notice of post-conviction relief of-right or notice of appeal within the prescribed time was without fault on the defendant's part; or
> g. There has been a significant change in the law that if determined to apply to defendant's case would probably overturn the defendant's conviction or sentence; or
> h. The defendant demonstrates by clear and convincing evidence that the facts underlying the claim would be sufficient to establish that no reasonable fact-finder would have found defendant guilty of the underlying offense beyond a reasonable doubt, or that the court would not have imposed the death penalty.

Ariz.R.Crim.P. 32.1.

Paragraph 32.1 (d) (expired sentence) generally has no application to an Arizona prisoner who is simply attacking the validity of his conviction or sentence. Where a claim is based on "newly discovered evidence" that has previously been presented to the state courts, the evidence is no longer "newly discovered" and paragraph (e) has no application. Here, Petitioner has long ago asserted the facts underlying his claims. Petitioner's allegations under Paragraph (f) (untimely notice) have already been addressed in the state court, and thus could not be again raised. Paragraph (g) has no application because Petitioner has not asserted a change in the law since his last PCR proceeding. Finally, paragraph (h), concerning claims of actual innocence, has no application to the procedural claims Petitioner asserts in this proceeding.

Therefore, none of the exceptions apply, and Arizona's time and waiver bars would prevent Petitioner from returning to state court. Thus, Petitioner's unexhausted claims are now procedurally defaulted.

### 3.  Procedural Bar on Independent and Adequate State Grounds

Related to the concept of procedural default is the principle of barring claims actually disposed of by the state courts on state grounds. "[A]bsent showings of 'cause' and 'prejudice,' federal habeas relief will be unavailable when (1) 'a state court [has] declined to address a prisoner's federal claims because the prisoner had failed to meet a state procedural requirement,' and (2) 'the state judgment rests on independent and adequate state procedural grounds.' " *Walker v. Martin,* 562 U.S. 307, 316 (2011).

In *Bennett v. Mueller*, 322 F.3d 573 (9th Cir.2003), the Ninth Circuit addressed the burden of proving the independence and adequacy of a state procedural bar.

> Once the state has adequately pled the existence of an independent and adequate state procedural ground as an affirmative defense, the burden to place that defense in issue shifts to the petitioner. The petitioner may satisfy this burden by asserting specific factual allegations that demonstrate the inadequacy of the state procedure, including citation to authority demonstrating inconsistent application of the rule. Once having done so, however, the ultimate burden is the state's.

*Id*. at 584-585.

Here, the PCR court rejected as untimely Petitioner's ineffective assistance and double jeopardy claims.  (Exhibit N, Order 10/9/17 at 2-3.)

Petitioner fails to proffer anything to suggest that Rule 32.4 is not an independent and adequate state ground, sufficient to bar federal habeas review of claims a defendant could have but did not raise on direct appeal.  The district courts in Arizona have held that it is.  *See e.g. Morgal v. Ryan*, 2013 WL 655122, at *16 (D. Ariz. Jan. 18, 2013) *report and recommendation adopted*, 2013 WL 645960 (D. Ariz. Feb. 21, 2013).

Thus, to the extent that Petitioner may have fairly presented to the PCR court the ineffective assistance and double jeopardy claims he now raises, those claims were procedurally barred on independent and adequate state grounds.

### 4.  Application to Petitioner's Claims

Here, the PCR court found that Petitioner's PCR petition raised claims similar to those in Grounds Two and Three. For example, the court found he asserted a claim of ineffective assistance, and a violation of double jeopardy.  (Exhibit N, Order 3/6/18, at 2.)  However, Petitioner's assertion of a claim of ineffective assistance of counsel was limited to checking the box for such claims on his PCR notice.  (*See* Exhibit M, PCR Not. at 2, ¶ 5(B).)  His assertion of a double jeopardy claim was limited to checking the box asserting "[v]iolation of the right not be placed twice in jeopardy for the same offense."  (See Exhibit L, PCR Pet. at 2.)  There is good reason to doubt that Petitioner managed to adequately raise the facts underlying those claims, or that Petitioner adequately asserted them as federal claims, in light of his summary assertion of the claims.

Nonetheless, whether the claims now raised were fairly presented to the PCR court, this habeas court may not reach them.

For claims Petitioner raised to the PCR court, his claims were either procedurally barred by application of Arizona's timeliness bar, or procedurally defaulted by

Petitioner's failure to timely seek review by the Arizona Court of Appeals.  To the extent that the claims were not presented in that PCR proceeding, they are now procedurally defaulted under Arizona's waiver and time bars.

### 5.  Cause and Prejudice

If the habeas petitioner has procedurally defaulted on a claim, or it has been procedurally barred on independent and adequate state grounds, he may not obtain federal habeas review of that claim absent a showing of "cause and prejudice" sufficient to excuse the default.  *Reed v. Ross*, 468 U.S. 1, 11 (1984).

"Cause" is the legitimate excuse for the default.  *Thomas v. Lewis*, 945 F.2d 1119, 1123 (1991). "Because of the wide variety of contexts in which a procedural default can occur, the Supreme Court 'has not given the term "cause" precise content.'" *Harmon v. Barton*, 894 F.2d 1268, 1274 (11th Cir. 1990) (quoting Reed, 468 U.S. at 13), *cert. denied*, 498 U.S. 832 (1990).  The Supreme Court has suggested, however, that cause should ordinarily turn on some objective factor external to petitioner, for instance:

> ... a showing that the factual or legal basis for a claim was not reasonably available to counsel, or that "some interference by officials", made compliance impracticable, would constitute cause under this standard.

*Murray v. Carrier*, 477 U.S. 478, 488 (1986) (citations omitted).

Petitioner argues that this Court should find cause to excuse his procedural defaults based on his untrained status and the ineffective assistance of trial counsel in failing to file a timely PCR notice.

**Pro Se Status** - The "cause and prejudice" standard is equally applicable to pro se litigants, *Harmon v. Barton*, 894 F.2d 1268, 1274 (11th Cir. 1990); *Hughes v. Idaho State Board of Corrections*, 800 F.2d 905, 908 (9th Cir. 1986), whether literate and assisted by "jailhouse lawyers", *Tacho*, 862 F.2d at 1381; illiterate and unaided, *Hughes*, 800 F.2d at 909, or non-English speaking.  *Vasquez v. Lockhart*, 867 F.2d 1056, 1058 (9th Cir. 1988), cert. denied, 490 U.S. 1100 (1989).  Accordingly, Petitioner's lack of

legal training or prowess would not constitute cause to excuse his failures to properly exhaust.

**Ineffective Assistance of Trial Counsel** – Petitioner alleges that his procedural default should be excused because it resulted from trial counsel's failure to timely follow his instruction (purportedly mailed June 23, 2017) to file a PCR notice.  To the extent that this Court could conclude that counsel had an obligation to do so based on his status as trial counsel, Petitioner's failure to exhaust his state remedies on this assertion (by presenting it to the Arizona Court of Appeals), precludes this Court from relying on it. "To constitute cause for procedural default of a federal habeas claim, the constitutional claim of ineffective assistance of counsel must first have been presented to the state courts as an independent claim." *Cockett v. Ray*, 333 F.3d 938, 943 (9th Cir. 2003).

**Ineffective Assistance of Appellate Counsel** – Because Petitioner had nor right to a traditional direct appeal, but rather his of-right PCR proceeding functioned as a direct appeal, it might be argued that in failing to file Petitioner's PCR Notice, trial counsel was serving as the functional equivalent of constitutionally required appellate counsel.  In such event, however, Petitioner's failure to exhaust a claim of ineffective assistance of appellate counsel precludes him from relying upon such ineffectiveness as cause to excuse his procedural defaults.  *Cockett, supra*.

**Ineffective Assistance of PCR Counsel** – To the extent that Petitioner contends that counsel was function in a capacity as PCR counsel, any ineffectiveness in failing to file a PCR notice would not be subject to the exhaustion requirement. The Ninth Circuit has observed that "there seems to be no requirement that the claim of ineffective assistance of PCR counsel as cause for an ineffective-assistance-of-sentencing-counsel claim be presented to the state courts." *Dickens v. Ryan*, 740 F.3d 1302, 1322, n.17 (9th Cir. 2014).  However, the only claims for which ineffective assistance of PCR counsel can establish cause are claims of ineffective assistance of trial counsel.  *Davila v. Davis*, 582 U.S. ____ (6/26/17).  Accordingly, any ineffectiveness of PCR counsel would not excuse the failure to properly exhaust Petitioner's double jeopardy claim.

Moreover, Petitioner fails to proffer anything to show that his trial counsel was actually serving as PCR counsel. The PCR court rejected Petitioner's attempts to rely on trial counsel by observing:

> The "Inmate Legal Request" attached to the Petition, stamped "Received" on June 23, 2017, asks for mail to be sent to counsel. Defendant's actual communication to counsel is not provided; instead, he attaches a letter dated September 16, 2017. Defendant concedes that he received "no response from counsel" and thus had no basis to rely upon counsel to undertake the filing. (Petition at 2) The Court finds that Defendant fails to supply an adequate factual or legal basis for relief under the rule. Even assuming that the June 23, 2017 request was aimed at obtaining assistance with a Rule 32 proceeding, Defendant is at fault for delaying the request until days before the June 27, 2017 deadline. The "Notice of Rights of Review After Conviction and Procedure" form Defendant received at sentencing clearly states that a Notice of Post-Conviction Relief must be filed within 90 days.

(Exhibit N, Order 10/9/17 at 2.) Petitioner provides no basis on which this Court could conclude to the contrary that trial counsel had agreed to or was obligated to represent Petitioner in his PCR proceeding, or that Petitioner was otherwise entitled to rely upon trial counsel to file his PCR notice. *Cf. State v. Hernandez*, 2016 WL 2909248, at *2 (App. May 18, 2016) (unpublished decision) ("by filing the motion seeking leave to file an untimely notice of post-conviction relief limited to the issue of restitution, trial counsel was at least arguably acting as Hernandez's Rule 32 counsel").

Moreover, it was not only by virtue of Petitioner's failure to timely file his PCR notice with the trial court that his claims are barred from habeas review, but because of Petitioner's failure to subsequently seek review by the Arizona Court of Appeals (if they were fairly raised in to the PCR court), or his failure to fairly raise them in his first PCR proceeding (if not fairly raised to the PCR court).

**Summary re Cause and Prejudice** – Based upon the foregoing, the undersigned concludes that Petitioner has failed to establish cause to excuse his procedural defaults.

Both "cause" and "prejudice" must be shown to excuse a procedural default, although a court need not examine the existence of prejudice if the petitioner fails to establish cause. *Engle v. Isaac*, 456 U.S. 107, 134 n. 43 (1982); *Thomas v. Lewis*, 945

F.2d 1119, 1123 n. 10 (9th Cir.1991). Petitioner has filed to establish cause for his procedural default. Accordingly, this Court need not examine the merits of Petitioner's claims or the purported "prejudice" to find an absence of cause and prejudice.

### 6. Actual Innocence

The standard for "cause and prejudice" is one of discretion intended to be flexible and yielding to exceptional circumstances, to avoid a "miscarriage of justice." *Hughes v. Idaho State Board of Corrections*, 800 F.2d 905, 909 (9th Cir. 1986). Accordingly, failure to establish cause may be excused "in an extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray v. Carrier*, 477 U.S. 478, 496 (1986) (emphasis added). Although not explicitly limited to actual innocence claims, the Supreme Court has not yet recognized a "miscarriage of justice" exception to exhaustion outside of actual innocence. *See* Hertz & Lieberman, *Federal Habeas Corpus Pract. & Proc.* §26.4 at 1229, n. 6 (4th ed. 2002 Cumm. Supp.). The Ninth Circuit has expressly limited it to claims of actual innocence. *Johnson v. Knowles*, 541 F.3d 933, 937 (9th Cir. 2008).

A petitioner asserting his actual innocence of the underlying crime must show "it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence" presented in his habeas petition. *Schlup v. Delo*, 513 U.S. 298, 327 (1995). A showing that a reasonable doubt exists in the light of the new evidence is not sufficient. Rather, the petitioner must show that no reasonable juror would have found the defendant guilty. *Id*. at 329. This standard is referred to as the "*Schlup* gateway." *Gandarela v. Johnson*, 286 F.3d 1080, 1086 (9th Cir. 2002).

Moreover, to pass through the *Schlup* gateway, not just any evidence of innocence will do; the petitioner must present "new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup*, 513 U.S. at 324.

Here, Petitioner argues that he is actually innocent because he was not ordered by

the court to register as a sex offender in the underlying Oklahoma conviction, but by an unlawful order of the Oklahoma Department of Corrections. (Reply, Doc. 14 at 5.) He argues that he discovered the lack of a court order to register "while incarcerated at the Lower Buckeye Jail."

Petitioner's argument is based upon a misunderstanding of the applicable Arizona statute. Petitioner was convicted in each case of violating, in pertinent part, Arizona Revised Statute § 13-3821. (*See* Exhibit E, Sentence 5284; Exhibit K, Sentence 5624.) That statute does not require a pre-existing court order for registration. Rather, it requires registration if one of three scenarios applies: (a) the defendant "has been convicted of" specified Arizona offenses; (b) the defendant "has been convicted of …an offense committed in another jurisdiction that if committed in this state would be a violation" of the specified Arizona offenses; or (c) the defendant "is required to register by the convicting or adjudicating jurisdiction." Because Petitioner's underlying conviction arose in Oklahoma, the latter two provisions would apply, and neither mandates a court order for registration.

Petitioner makes no assertion that his Oklahoma conviction was of such a nature that it would not qualify under the provisions of § 13-3821. According to the Probation Violation Report, Petitioner's underlying conviction involved sexual conduct with a minor: "Mr. Stout's original sex offense involved him, at twenty years old, providing alcohol to a fourteen-year old female, then she performed oral sex on him." (Exhibit I at 5.) Petitioner proffers no explanation why that offense would not qualify him under the "offense committed in another jurisdiction" portion of § 13-3821. *See e.g.* Ariz. Rev. Stat. § 13-3821(A)(4) (identifying as a qualifying offense "[s]exual conduct with a minor pursuant to § 13-1405"); and Ariz. Rev. Stat. § 13-1405(A) ("A person commits sexual conduct with a minor by intentionally or knowingly engaging in sexual intercourse or oral sexual contact with any person who is under eighteen years of age.").

Moreover, the Oklahoma statutes do not appear to require a court order for registration to be required by its sex offenders. Rather, conviction of a qualifying crime

is sufficient.  *See* Okla. Stat. Ann. tit. 57, § 582 (applying Oklahoma's Sex Registration Act to those "convicted of" specified offenses, or convicted of offenses in another state which if committed in Oklahoma would be one of those offenses).

Because Petitioner fails to show that a court order for registration was an element of his offense, Petitioner fails to make a showing that (based upon the lack of an order of registration from the Oklahoma courts) no reasonable juror could have found him guilty.

Petitioner also argues that his registration requirement under Oklahoma law expired on August 11, 2017.  (Reply, Doc. 14 at 3.)  But Petitioner acknowledges that this did not occur until "five months following sentencing."  Thus, even if it were assumed that Petitioner is now no longer required to register under Oklahoma law, that would not render him innocent of his having failed to register at the times of his offenses in this case.  Moreover, as discussed above, the application of the Arizona registration requirement does not require the existence of an Oklahoma registration requirement, merely the existence of the qualifying Oklahoma conviction.  Therefore, Petitioner fails to show how expiration of the Oklahoma registration requirement renders him actually innocent.

## B.  SUMMARY

Petitioner failed to properly exhaust his state remedies on any claims by failing to seek review by the Arizona Court of Appeals, was procedurally barred on independent and adequate state grounds of untimeliness on the claims he did raise, and has procedurally defaulted his remedies on any claims he did not raise.  Petitioner fails to show cause and prejudice or actual innocence to avoid the effects of his procedural bar and/or procedural default.  Accordingly, Petitioner's Petition must be dismissed with prejudice.

### IV.  CERTIFICATE OF APPEALABILITY

**Ruling Required** - Rule 11(a), Rules Governing Section 2254 Cases, requires

that in habeas cases the "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Such certificates are required in cases concerning detention arising "out of process issued by a State court", or in a proceeding under 28 U.S.C. § 2255 attacking a federal criminal judgment or sentence. 28 U.S.C. § 2253(c)(1).

Here, the Petition is brought pursuant to 28 U.S.C. § 2254, and challenges detention pursuant to a State court judgment. The recommendations if accepted will result in Petitioner's Petition being resolved adversely to Petitioner. Accordingly, a decision on a certificate of appealability is required.

**Applicable Standards** - The standard for issuing a certificate of appealability ("COA") is whether the applicant has "made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

**Standard Not Met** - Assuming the recommendations herein are followed in the district court's judgment, that decision will be on procedural grounds. Under the reasoning set forth herein, jurists of reason would not find it debatable whether the district court was correct in its procedural ruling.

Accordingly, to the extent that the Court adopts this Report & Recommendation as to the Petition, a certificate of appealability should be denied.

## V.  RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that the Petitioner's Amended Petition for Writ of Habeas Corpus, filed November 27, 2017 (Doc. 6) be **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER RECOMMENDED** that, to the extent the foregoing findings and recommendations are adopted in the District Court's order, a Certificate of Appealability be **DENIED**.

## VI.  EFFECT OF RECOMMENDATION

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals.  Any notice of appeal pursuant to *Rule 4(a)(1), Federal Rules of Appellate Procedure*, should not be filed until entry of the district court's judgment.

However, pursuant to *Rule 72(b), Federal Rules of Civil Procedure,* the parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the Court.  *See also* Rule 8(b), Rules Governing Section 2254 Proceedings.  Thereafter, the parties have fourteen (14) days within which to file a response to the objections.  Failure to timely file objections to any findings or recommendations of the Magistrate Judge will be considered a waiver of a party's right to *de novo* consideration of the issues,  *see United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9ᵗʰ Cir. 2003)(*en banc*),  and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the recommendation of the Magistrate Judge, *Robbins v. Carey*, 481 F.3d 1143, 1146-47 (9th Cir. 2007).

/ /

/ /

/ /

/ /

20

In addition, the parties are cautioned Local Civil Rule 7.2(e)(3) provides that "[u]nless otherwise permitted by the Court, an objection to a Report and Recommendation issued by a Magistrate Judge shall not exceed ten (10) pages."

Dated: April 24, 2018

17-4046r RR 18 04 16 on HC.docx

James F. Metcalf
United States Magistrate Judge

21